## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| William Charles Graham, | Case No. 20-cv-1204 (WMW/LIB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| U.S. Marshal and Joel L. Brott, | |
| Respondents. | |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general referral in accordance with the provisions of 28 U.S.C. § 636 and Local Rule 72.1, as well as, upon Petitioner William Charles Graham's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, [Docket No. 1]; his Application to Proceed in forma pauperis, [Docket No. 2]; and his Motion for a Temporary Restraining Order. [Docket No. 11].

For the reasons discussed herein, the undersigned recommends the Petition, [Docket No. 1], be **DISMISSED without prejudice**, Petitioner's IFP Application, [Docket No. 2], be **DENIED as moot**; and Petitioner's Motion for a Temporary Restraining Order, [Docket No. 11], be **DENIED**.

Petitioner is a defendant in a criminal case pending in this District. See, United States v. Graham, No. 19-cr-185(2) (SRN/KMM) (D. Minn.) (Criminal-Case Docket).[1] A grand jury indicted Petitioner in July 2019, on one count of interfering with commerce by robbery and one

---

[1] The materials from Petitioner's criminal case cited herein are not attached to any materials provided to the Court in the present action. They are publicly accessible online, however, and this Court may take judicial notice of such public court records. See, e.g., Bellino v. Grinde, No. 18-cv-1013, 2019 WL 368398, at *1 n.1 (D. Minn. Jan. 30, 2019) (citing cases).

count of using, carrying, and brandishing a firearm in relation to a crime of violence. See, United States v. Graham, No. 19-cr-185(2) (SRM/KMM), Indictment at 1–2 (D. Minn. July 16, 2019).

Shortly thereafter, Magistrate Judge Steven E. Rau ordered that Petitioner be preliminarily detained pending a hearing. See, United States v. Graham, 19-cr-0185(2) (SRN/KMM) Order (D. Minn. July 17, 2019). After a detention hearing on July 23, 2019, Magistrate Judge Rau ordered that Petitioner be detained pending trial. See, United States v. Graham, 19-cr-185(2) (SRN/KMM) Detention Order (D. Minn. July 25, 2019).

In March 2020, Petitioner sent the Court, in his criminal case, a letter asking it to reconsider the Detention Order; District Judge Susan Richard Nelson denied that request. See, e.g., United States v. Graham, 19-cr-185(2) (SRN/KMM) [Docket No. 166] Ltr. for Reconsideration of Detention Denial/Release (D. Minn. Mar. 23, 2020) (hereinafter "Letter Motion"); United States v. Graham, 19-cr-185(2) (SRN/KMM) Order (D. Minn. Apr. 7, 2020) [Docket No. 183] (hereinafter "April 2020 Order"). Petitioner appealed that decision, but the United States Court of Appeals for the Eighth Circuit summarily affirmed the decision of the District Court. See, United States v. Graham, 19-cr-185(2) (SRN/KMM) Judgment of United States Court of Appeals [Docket No. 207] (June 4, 2020). As of this Order's date, Petitioner has not petitioned the United States Supreme Court for a writ of certiorari challenging the Eighth Circuit's Order, and he presently awaits trial.

Petitioner filed the present Petition on March 30, 2020—that is, after he filed the Letter Motion in his criminal case, but before Judge Nelson issued the April 2020, Order denying that Letter Motion. See, Pet., [Docket No. 1]; Criminal-Case Docket.[2] The present Petition was filed in the United States District Court for the District of Columbia, which transferred the action to this

---

[2] Citations to the Petition use the page numbers provided by the Court's CM/ECF filing system.

2

Court in late April. See, Transfer Order, [Docket No. 4]. Invoking 28 U.S.C. § 2241, the Petition challenges Graham's present pretrial detention. See, Pet., [Docket No. 1], at 1–2. It raises three grounds.

First, the Petitioner contends that he has been detained for eleven months "without any proper documentation" (e.g., a proper warrant), and that the Court overseeing his prosecution thus lacks "any personal or subject-matter jurisdiction" over him or his case. Id. at 6. Petitioner claims that authorities have not given him "[a]ny proper documents, such as a properly drawn . . . warrant or properly drawn true bill" permitting him to be detained. Id. (internal parentheses removed). Indeed, he contends that counterfeit documents have been used to justify his detention and to perform other "prosecutorial purposes." Id. at 6–7.

Second, the Petitioner argues he has been "denied access to Courts." Id. The argument here is that, at Graham's first criminal-case appearance—when counsel with the Federal Public Defender represented him—his counsel entered a not-guilty plea that purportedly caused Petitioner's "arbitrary detainment." Id. Petitioner contends that his counsel entered the not-guilty plea without his consent, leading to the cancellation of a detention hearing. See, Id.

Finally, the Petitioner maintains that the Court overseeing Petitioner's prosecution violates Article I of the United States Constitution—specifically, clause 9 of section 8, which gives Congress the power to "constitute Tribunals inferior to the supreme Court." Petitioner appears to be suggesting here that, for some reason, the United States District Court for the District of Minnesota is not a proper "inferior tribunal." See, Pet., [Docket No. 1], at 6. Petitioner here also suggests that by allowing a United States Attorney or Assistant United States Attorney to "operate in its venue," the Court handling Petitioner's criminal case is violating the Constitution's command

that the United States not grant any "Title[s] of Nobility." Id.; see also, U.S. Const. art. I, § 9, cl. 8.

As relief, Petitioner asks this Court to dismiss (with prejudice) the criminal charges against him, and release him from federal pretrial detention. See, Id. at 7.

Each of Petition's grounds for habeas relief focuses on purported issues in Petitioner's underlying, pending criminal case. From this Court's review, it appears that Petitioner raised his first two arguments before in filings made in this Letter Motion—and addressed in—Judge Nelson's April 2020, Order. See, e.g., United States v. Graham, 19-cr-185(2) (SRN/KMM) April 2020 Order, [Docket No. 183], at 9–10, 16–20 (D. Minn. Apr. 7, 2020). In contrast, the Petitioner's third argument here appears to be a new one that Graham has not yet raised before Judge Nelson or Magistrate Judge Katherine M. Menendez in the underlying, pending criminal case.[3]

As another Court in this District has previously observed, "[f]ederal pre-trial detainees can obtain habeas review of pre-trial decisions only if they exhaust all other remedies." Bakke v. United States, No. 19-cv-2501 (JRT/TNL), 2019 WL 5579599, at *1 (D. Minn. Oct. 3, 2019) (citing Kisling v. Anderson, No. 3-cv-2208, 2003 WL 21639148, at *1 (D. Minn. 2003)), report and recommendation adopted, 2019 WL 5566549 (D. Minn. Oct. 29, 2019). Furthermore, "[a] federal pre-trial detainee may not seek [§ 2241] relief if he or she has not sought direct review of his or her detention, or if the detainee still has the opportunity to raise those issues in the criminal proceedings." Id. (citing cases). The justification for such rules is simple: "allowing courts to entertain habeas petitions from pre-trial detainees would be both inefficient and raise the risk of

---

[3] After Magistrate Judge Rau passed away in November 2019, magistrate-judge responsibilities in Petitioner's criminal case were transferred to Magistrate Judge Menendez. See, United States v. Graham, 19-cr-185(2) (SRN/KMM) Not. of Reassignment (D. Minn. Nov. 14, 2019).

4

'nearly simultaneous and potentially conflicting decisions[.]'" Id. (quoting Kisling, 2003 WL 21639148, at *1–2 (brackets in Bakke)).

Petitioner has not properly exhausted any of his three grounds for relief raised in the present habeas petition. First, there is no evidence that Petitioner pressed either of his Article I–based arguments in challenging his detention. The Court has serious doubts that either argument has any substantive merit, but putting that aside, Petitioner's failure to exhaust this argument in his pending criminal case means that this Court need not entertain said argument.

When Petitioner filed this Habeas Petition, he had not exhausted his remedies. He had filed the Letter Motion, United States v. Graham, 19-cr-185(2) (SRN/KMM) [Docket No. 166] Letter Motion (D. Minn. Mar. 23, 2020), but the Court had at that time yet to issue the April 2020, Order. Had this Court assessed the Petition immediately upon its filing, Graham could not have brought his first and second arguments in a § 2241 petition, and the Court would have recommended dismissing the Petition without prejudice.

Subsequent to the Petition's filing, however, Judge Nelson has ruled on the Letter Motion, Petitioner appealed that ruling, and the Eighth Circuit summarily affirmed Judge Nelson's April 2020, Order. However, Petitioner still has not fully exhausted his first two arguments—he can still appeal the Eighth Circuit's determination by petitioning the United States Supreme Court for a writ of certiorari.[4] On the record now before the Court, Petitioner has not petitioned the United States Supreme Court for review of that April 2020, Order.

---

[4] True, while there is little chance of any certiorari grant here, the point remains, however, that Petitioner has not exhausted "all other remedies." Furthermore, the Court also notes that even if Petitioner does exhaust remedies as to one or more of the Petition's grounds, it is still not clear that § 2241 should afford him relief. In Medina v. Choate, for instance, the United States Court of Appeals for the Tenth Circuit suggested that "§ 2241 is not a proper avenue of relief for federal prisoners awaiting federal trial," even where exhaustion was not a concern. 875 F.3d 1025, 1029 (10th Cir. 2017). It appears that the Eighth Circuit has not yet taken a position on this point. Because the Court concludes that Petitioner has not exhausted the grounds of his Petition, it need not—and so will not—address whether § 2241 would be an appropriate avenue for him even if and when exhaustion might occur.

5

Regarding his third argument, Petitioner failed to even raise said argument in his underlying, pending criminal case. There is no indication on the record now before the Court that Petitioner raised his third argument at any level in his criminal case, and it appears that the argument has only been raised in the present Habeas Petition.[5]

The Court thus concludes that Petitioner Graham has not exhausted any of the arguments raised by the Petition. Following Bakke, 2019 WL 5579599, at *1 (D. Minn. Oct. 3, 2019), the Court thus recommends dismissing the Petition without prejudice. Given this decision, the Court further recommends denying the IFP Application as moot. Moreover, the recommendation that the Petition be dismissed also renders moot the Motion for Temporary Restraining Order which seeks substantially the same relief as the Habeas Petition itself.

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. Petitioner William Charles Graham's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, [Docket No. 1], be **DISMISSED without prejudice**;

2. Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs, [Docket No. 2], be **DENIED as moot**; and

---

[5] Moreover, even assuming solely for the sake of argument that Petitioner had fully exhausted his remedies regarding his arguments, the undersigned would still recommend the Petition be denied because each of Petitioner's three arguments lacks merit. Petitioner's first and third arguments—that he has not received a properly signed document supporting his detention and that the Court's allowing the United States Attorney General to operate in this District confers upon the Attorney General a Title of Nobility in violation of the United States Constitution—are based on his belief that he is a "sovereign citizen," and these types of arguments have been universally found to lack merit of any kind by every Court to consider said arguments. See, Gravatt v. United States, 100 Fed. Cl. 279, 282 (2011); United States v. Jonassen, 759 F.3d 653, 657 n.2 (7th Cir. 2014); United States v. Kruger, 823 F.2d 857–88 (8th Cir. 1991); United States v. Garcia, No. 17-1012, 2017 WL 1521786, at *1 (8th Cir. Apr. 28, 2017); Bracci v. Becker, No. 1:11-cv-1473 (MAD/RFT), 2013 WL 123810, at *30 (N.D.N.Y. Jan. 9, 2013), aff'd, 568 F. App'x 13 (2d Cir. 2014). Petitioner's second argument—that his previous counsel entering a not-guilty plea on his behalf led to his "arbitrary detainment" because it purportedly caused his detention hearing to be cancelled—is likewise without merit. As Judge Nelson previously explained, "[t]he authority and procedures for detention of a defendant pending trial are found in federal law," and Petitioner's previous counsel's "actions in entering a not-guilty plea had no effect on detention." United States v. Graham, 19-cr-185(2) (SRN/KMM) April 2020, Order, [Docket No. 183], at 10 (D. Minn. Apr. 7, 2020).

3. Petitioner's Motion for Temporary Restraining Order, [Docket No. 11], be **DENIED**.

Dated: June 29, 2020  　　　　　　　　　　　s/ Leo I. Brisbois  
　　　　　　　　　　　　　　　　　　　　Hon. Leo I. Brisbois  
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).